IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SUZANNE M. EGGLESTON and<br>FREDERICK LOVEJOY,<br><br>Plaintiffs,<br><br>v.<br><br>E*TRADE SECURITIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 3:02CV188 (WWE) |

## DEFENDANTS' MEMORANDUM
## IN RESPONSE TO COURT'S SEPTEMBER 25, 2003 ORDER

This Court ordered Defendants (collectively "E*TRADE") to address "how applicants are directed to read the Customer Agreement, and whether E*TRADE alerts applicants that the terms of the arbitration agreement are contained therein" in light of *Specht v. Netscape Communications Corp.*, 306 F.3d 17 (2d Cir. 2002). E*TRADE respectfully asserts that *Specht* has no application to the present case. *Specht* merely applies a long-standing exception to this general rule that a party cannot be bound to a contract if they never received notice that they were entering into a contract. This does not alter the well-settled rule that when, as here, parties sign a contract with notice of an arbitration agreement, they are bound by that agreement.

### RELEVANT BACKGROUND

On December 28, 1998, Plaintiff Lovejoy -- an experienced litigation attorney --

1-NV/19106.1

applied for an E*TRADE brokerage account. The application process involves several steps.[1] First, Plaintiff Lovejoy connected through the internet to E*TRADE's account application webpage. On the very first page of that site, E*TRADE referenced the Customer Agreement twice, and permitted the applicant to link to the Customer Agreement. In fact, the first item under the "Application Checklist" instructed applicants to "Read our Customer Agreement." *See* Declaration of Frank Gutierrez ("Gutierrez Decl."), attached at Exhibit 1.[2]

Plaintiff Lovejoy entered information such as his address, income, net worth, and investment experience into an online form. Once Plaintiff entered this initial information, the online portion of the application process was complete.

Next, Plaintiff Lovejoy was directed to print a copy of the application, review it, and physically sign the application in three (3) separate locations. *See* Plaintiff Lovejoy's Account Application at 1 (directing Plaintiff Lovejoy to print, review, sign, and mail application).A copy of Plaintiff's New Account Application is attached at Exhibit 2. Plaintiff Lovejoy first signed in the space next to the words "Applicant Signature." Exh. 2 at 3. The third signature pertained to Plaintiff's choice of cash management accounts. Exh. 2 at 4. Most importantly, Plaintiff's second signature appeared *immediately below* the following disclosure:

> **Please read and sign to apply for your E*TRADE account:**
>
> **I am of legal age to contract. I acknowledge that I have received, read, and agree to be bound by the terms and conditions as currently set forth in the E*TRADE Customer Agreement and as amended from time to time. . . .**
>         \*    \*    \*
> **I UNDERSTAND THAT THIS ACCOUNT IS GOVERNED**

---

[1] The process of opening an E*TRADE account has changed from time to time. The process described herein was in effect at the time Plaintiffs opened their account.

[2] An example of the references to the Customer Agreement applicants encountered on the first page of the application process is attached to Mr. Gutierrez's Declaration at Exhibit A.

> BY A PRE-DISPUTE ARBITRATION CLAUSE
> CONTAINED IN PARAGRAPH 31B OF THE E*TRADE
> CUSTOMER AGREEMENT.
>
> **All account applicants must sign below:**
>
> **X  (Plaintiff Lovejoy's signature appears here)**

Exh. 2 at 3 (capitalization in original).

Thus, Plaintiff Lovejoy was advised to review the E*TRADE Customer Agreement as he filled out his application, and -- immediately above his signature -- he was again alerted to the fact that:

- his E*TRADE account was governed by a separate Customer Agreement;
- the Customer Agreement contained an arbitration clause; and
- the arbitration clause was contained in paragraph 31B of the Customer Agreement.

After signing the New Account Application, Plaintiff Lovejoy mailed the application to E*TRADE, along with an initial deposit. When E*TRADE received and approved the application, it mailed Plaintiffs a "welcome kit," as described in the New Account Application. *See* Exhibit 2 at 1 ("As soon as your signed forms are received . . . and approved, we will send you a welcome kit with everything you need to get started."). Significantly, the welcome kit *included a hard copy of the same Customer Agreement containing the arbitration provision that Plaintiff had previously reviewed and approved.* Gutierrez Decl. ¶6.

## THE *SPECHT* DECISION

The conspicuous and repeated disclosure of the terms of the Customer Agreement and the arbitration provision described above stand in sharp contrast with the unusual facts presented in *Specht v. Netscape Communications Corp.*, 306 F.3d 17 (2d Cir. 2002). In *Specht*,

the Court held that an arbitration provision buried deep within a website offering free software downloads was not enforceable.

The central issue in *Specht* was whether online users who downloaded a software plug-in known as "SmartDownload," had reasonable notice of a license agreement that contained an arbitration provision. *Id.* at 27. When a user arrived at the SmartDownload webpage, they were invited to click a button to download the program for "free." *Id.* at 22-23. The user was "required neither to express unambiguous assent to the program's license agreement nor even to view the license terms ***or become aware of their existence*** before proceeding" with the download. *Id.* at 23 (emphasis supplied). In fact, users would never learn that the "free download" offer was governed by any contractual terms whatsoever unless they scrolled to another screen far below the "download" button that was not visible from the main webpage. There, on this "submerged screen," users were able to link to the license agreement governing the download. *Id.* at 23.

Even if a user found this link, however, the user was not taken to the governing terms directly. Instead, the user was taken to a general webpage that listed several different license agreements governing various software products, and was required to select the correct license before finally linking to the terms. *Id.* at 24. Unlike the present case, nothing alerted users to the fact that the license agreement contained an arbitration provision.

The Court's analysis began with the general rule that a party cannot avoid the terms of a contract on the ground that he failed to read it, but recognized the exception to this rule applies "when the writing does not appear to be a contract and the terms are not called to the attention of the recipient." *Id.* at 30 (citation omitted). The Court found that a reasonable person would not have known of the existence of the license agreement terms, because the reference to

the terms was "hidden." *Id.* at 35. Further, the Court found that the SmartDownload webpage was constructed in such a manner as to "conceal the fact that it was an express acceptance of [Netscape's] rules and regulations." *Id.* at 32, 35.

Under these facts, the Court held the arbitration provision contained in the license agreement was unenforceable because users had no notice whatsoever that they were entering into any contractual relationship by downloading the "free" SmartDownload software. *Id.* at 32. The Court made clear that its holding was limited to the unusual facts of the case:

> We conclude that in circumstances such as these, which consumers are urged to download free software at the immediate click of a button, a reference to the existence of license terms on a submerged screen is not sufficient to place consumers on inquiry or constructive notice of those terms.

*Id.*[3]

The present case bears no resemblance whatsoever to *Specht*. First -- and most importantly -- unlike in *Specht*, Plaintiff Lovejoy was required to print out his application, ***physically sign the document***, and mail it to E*TRADE to complete the application process. Plaintiff Lovejoy's signature appears ***immediately below*** his acknowledgment ***that he received, read, and agreed to be bound by the terms of the Customer Agreement***. Even further, Plaintiff was advised ***in capital letters*** that the Customer Agreement contained an arbitration agreement at

---

[3]  Although not relevant to addressing the Court's concerns, the *Specht* decision also addressed issues relating to the scope of a separate arbitration provision between the parties. The scope of E*TRADE's broad arbitration provision is not at issue in this case. The decision also addressed the enforceability of a separate license agreement containing an arbitration provision. This license agreement was disclosed to plaintiffs online, and required users to indicate their assent to its terms by clicking a button on their computer. No one disputed that the terms of the arbitration provision in this agreement was enforceable despite the fact that – unlike the present case – plaintiffs did not receive a hard copy of the agreement and were not required to sign the contract in their own hand. *Specht*, 306 F.3d at 35.

paragraph 31B.[4]  Plaintiff Lovejoy *does not dispute* that he saw the references to both E*TRADE's Customer Agreement *and* the arbitration agreement when he signed the New Account Application.  The critical issue in *Specht* was whether users "saw the notice" of the *software's license* terms.  Here, Plaintiff was alerted not only to the Customer Agreement, but also to the arbitration agreement contained therein.

Second, unlike in *Specht*, when E*TRADE approved Plaintiffs application, **E*TRADE sent Plaintiffs a hard copy of the Customer Agreement** as part of the welcome kit mailed to new account holders.  Gutierrez Decl., ¶6.  *Specht* specifically recognizes that "receipt of a physical document containing contract terms or notice thereof is frequently deemed . . . sufficient circumstance to place the offeree on inquiry notice of those terms."  *Id.* at 31; *see also In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 401 n.2 (S.D.N.Y. 2003) (noting that Specht held, under California law, "that receipt of a physical document containing contractual terms or notice thereof, puts a person on inquiry notice of all the terms in that physical document" and enforcing arbitration provision).

Third, unlike in *Specht*, there is no question that Plaintiff Lovejoy knew he was entering into a contractual relationship with E*TRADE when he applied for a brokerage account and signed the application three times.  Indeed, Plaintiff Lovejoy *admits he entered into a*

---

[4]  In light of these representations, Plaintiffs cannot avoid the terms of the agreement.  *Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060, 1068 (D. Ariz. 1997) (employee bound by arbitration provision in employee handbook where employee signed acknowledgement that she received the handbook and agreed to its terms); *Tourdo v. Merrill Lynch, Pierce, Fenner & Smith*, 1996 WL 942866 (M.D. Fla. Dec. 17, 1996) (rejecting claim that party did not receive prospectus where he had signed an acknowledgement that he had received the prospectus); *see also Shaw v. AutoZone, Inc.*, 180 F.3d 806, 811-12 (7th Cir. 1999) (employee who disclaimed actual knowledge of anti-harassment policy was constructively aware of it when she signed a document acknowledging receipt of the employee handbook which contained the policy).

*contract with E\*TRADE*, and is suing to enforce the contract.[5] This fact alone distinguishes this case from *Specht*, where users were invited to download "free" software with no notice that they were entering into a contractual relationship. *Id.* at 31.

Fourth, unlike in *Specht*, E\*TRADE applicants are given repeated opportunities to link to the E\*TRADE Customer Agreement from the outset of the application process. An applicant need only click the prominent link labeled "Customer Agreement," to link directly to the Agreement's terms. Gutierrez Decl., ¶4. In contrast, the license terms at issue in *Specht* were "hidden" in a submerged screen that was far removed from the button that began the download. *Id.* at ___.

## CONCLUSION

To respond directly to the issues raised by the Court:

- E\*TRADE directs applicants to read the Customer Agreement from the outset of the application process using prominently displayed links. Applicants are also required to represent that they received and read the Customer Agreement by signing the Application in their own hand immediately below these representations. Further, applicants receive a hard copy of the Customer Agreement after E\*TRADE receives their application.

- Although *Specht* does not require that E\*TRADE provide heightened notice of the existence of an arbitration provision, E\*TRADE did so. Applicants are alerted to the presence of an arbitration provision in the Customer Agreement in prominent capital letters immediately above their signature.

---

[5] Complaint, Count III (setting forth breach of contract count based on account agreement for both plaintiffs); Sur-Reply at 5-6 (stating that Plaintiff Lovejoy executed account agreement but was confused by term requiring arbitration); E\*TRADE's Memorandum of Law at Exh. 1 and 2 (setting forth agreements containing arbitration clause).

Under these facts, this Court should enforce the arbitration agreement between the parties and stay this action pending arbitration.

Dated: October 10, 2003

Respectfully submitted,

_____
John Peloso
Ct. Fed. Bar No.: 02447
ROBINSON & COLE LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, Connecticut 06904-2305
e-mail: jpeloso@rc.com
Telephone: (203) 462-7500
Facsimile: (203) 462-7599

Attorneys for Defendants
 E*TRADE SECURITIES, INC.,
 E*TRADE GROUP, INC. (erroneously
 sued as E*TRADE, INC.), and
 STEPHEN TACHIERA

OF COUNSEL:

Douglas P. Lobel
MORGAN, LEWIS & BOCKIUS LLP
1600 Tysons Boulevard, 12th Floor
McLean, Virginia 22102
e-mail: dlobel@morganlewis.com
Telephone: (703) 918-1670
Facsimile: (703) 918-1999

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUZANNE M. EGGLESTON and<br>FREDERICK LOVEJOY,<br><br>          Plaintiffs,<br><br>    v.<br><br>E*TRADE SECURITIES, INC., *et al.,*<br><br>          Defendants. | Civil Action No. 3:02CV188 (WWE) |

## DECLARATION OF FRANK GUTIERREZ

1.     My name is Frank Gutierrez. I am over eighteen years of age and am competent to testify to the matters in this declaration, which are based upon my personal knowledge.

2.     I am a Senior Manager for Software Engineering and Web Development at E*TRADE Brokerage Holdings, Inc. ("E*TRADE"). I have held this position since March 1998.

3.     My responsibilities at E*TRADE include being familiar with and developing the E*TRADE website that applicants use to apply for E*TRADE brokerage accounts and being familiar with the process for opening new brokerage accounts.

4.     Although E*TRADE's website and the online application process is modified from time to time, since at least 1998, E*TRADE has always prominently featured hypertext links that enable applicants to connect directly to the terms of E*TRADE's Customer

Agreement. Applicants are offered the opportunity to access the Customer Agreement early in the application process.

5. The document attached at Exhibit A is an example of the references and links to the Customer Agreement that appeared on the first page of E*TRADE's online application website during 1998. Although it is possible that the website appeared slightly different on the particular date Plaintiff Lovejoy applied for an account, the references and links to the Customer Agreement have always prominently displayed on the webpage to the best of my knowledge. Because the webpage is no longer active, certain portions of the webpage did not download and print out fully on that attached document.

6. In 1998, when E*TRADE received signed copies of account applications downloaded from its website along with an initial deposit and approved the application, E*TRADE, through a vendor, sent the applicant a "welcome kit." This welcome kit included a hard copy of the Customer Agreement that governed the brokerage account.

I declare under penalty of perjury that this declaration is true and correct to the best of my knowledge and belief.

Executed on October 9, 2003

Frank Gutierrez

Case 3:02-cv-00188-JBA    Document 36    Filed 10/14/2003    Page 12 of 18

☒ Open E*TRADE Account

# Choose one of these 3 easy ways to apply:

- **The E*TRADE Secure Online Application.**
  Complete a customized application *now* online, then just print, sign and mail to E*TRADE.
- **Download an E*TRADE Application and Customer Agreement.**
  Save the file on your harddrive in Adobe PDF Format, print, complete, and mail to E*TRADE.
- **Request an E*TRADE Account Package by mail.**
  It takes just a few seconds to have a full application packet sent to you by mail.

**Note:** IRA Applications are not available online and must either be downloaded or sent by mail.

| Secure E*TRADE Online Application | Download an Application |
|---|---|
| For a customized online account application, complete the information below.<br>**Registration:** Select One<br>**Trading Level:** Cash/Margin<br>**Funding:** ☐ Check  ☐ Account Transfer<br>☐ Wire  ☐ Security certificate<br>[ Apply ]   Application Checklist | To download an E*TRADE Application (in Adobe PDF format), select one of the links below!<br>• **Standard Application Kit**<br>• **IRA Application Kit**<br>*Note: To read this file, you will need to have an Adobe Acrobat Reader installed on your system.*<br>☒ Get |
| **Request by Mail / Other Forms** ||
| Receive a full E*TRADE Account Kit by mail or request additional forms.<br>(**Note:** You may need additional forms when opening an E*TRADE account.)<br>[ By Mail ] | [ Other Forms ] |

**Canadian? Go to E*TRADE Canada**

*Please check with the laws of your statue to ensure that the type of registration you are requesting is permissible.*

---

# Application Checklist

1. Read our **Customer Agreement**.
2. Select one of our **3 Easy Ways to Apply**.
3. Include your initial deposit (minimum deposit is $1,000 for cash accounts; $2,000 for

E*TRADE Account Applicatic   orm : SPOE (AOL) : 47952021 JD1025...03        Page 1 of 4



**More Research. More Tools. More Power.**

Home | Portfolio & Markets | Stocks & Options | Funds | Trading | My Accounts | Community | Marketplace

### Account Application

You are almost done with your application. Here's all you have to do now.

1. **Print this application** *(To Print: Select File and then Print from your browser's menu).*
   (Do not continue without printing, you could lose all the information you have entered!)

2. **Sign on all indicated signature lines.**
   Review, sign (multiple signatures may be required) and date the application. (If you are transferring an account, you will be then prompted to continue to the appropriate form.)

3. **Mail all materials to E*TRADE.**
   Minimum deposit is $1,000 for Cash accounts, $2,000 for Margin accounts.

   MAIL TO:
   E*TRADE Securities, Inc.
   P.O. Box 8160
   Boston, MA 02266-8160

As soon as your signed forms are received (with an initial deposit) and approved, we will send you a welcome kit with everything you need to get started.

For E*TRADE use only -        Application ID: 47952021        JD10255403
                              Login Name: inchmaree

### Account Registration

Note: Review your Account Registration, Trading Level, and Funding choices before you continue. To make changes, use your Web browser's "back" button.

**X** Individual

### Trading Level

**X** Cash and Margin

### Funding

There is a $1,000 minimum initial deposit for Cash accounts; $2,000 for Margin accounts.

**X** Check enclosed: $ 2000.00
- We accept personal, cashier's, and government checks that are properly endorsed.

https://ssl1.etrade.com/cgi-bin/jsappl.cgi                                  12/20/98

E*TRADE Account Application Form : SPOE (AOL) : 47952021 JD...        Page 2

- Make checks payable to E*TRADE Securities, Inc.
- Checks must be drawn in U.S. dollars and made payable to, or cleared through a U.S. bank.

## Quotes

X E*TRADE offers free real-time quotes on an individual basis to all customers.

## Account Holder

Provide your name and address as you would like your account registered.

Name: (first, middle initial, last): **Frederick A Lovejoy**
Address: (cannot be P.O. Box): **228 Rowland Road**
City: **Fairfield**   State/Province: **CT**   ZIP/Foreign Postal Code: **06430**
Country: **United States**

Indicate whether address above is  X  Home or Business

Mailing address (if different from registration)
Name: (first, middle initial, last):
Address:
City:   State/Province:   ZIP/Foreign Postal Code:
Country: **United States**

The tax information provided in this section will be used for IRS reporting. If you are opening a Custodial account, include minor's information in this section.

Social Security Number or Taxpayer ID Number: **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**
Date of Birth: (mm/dd/yyyy; please enter year in four-digit format): **06/6/1953**
Home Phone: **203-226-5477**    Business Phone: **(203) 226-5477**
Non-U.S. Phone:    Your e-mail address:

### Citizenship
X U.S. Citizen

Country of citizenship: **United States**    Country of legal residence: **United States**

If other than U.S. citizen:
Passport #, Alien ID #, or Gov't ID #:    Country of Issuance: **United States**

(If Gov't ID, attach copy)

Existing E*TRADE account numbers, if any:
Link new account to existing User Name shown here: (Account registration must match): **inchmaree**

How did you hear about E*TRADE?    **ONAOL98 - AOL**

## Account Information Profile

https://ssl1.etrade.com/cgi-bin/jsappl.cgi                                       12/20/...

Securities regulations require the following financial information to be completed. All information is kept strictly confidential. If you are applying for a Custodial Account, we need financial information for the custodian.

**Investment Objectives** (*Check all that apply.*)

X Growth                    X Income

**Approximate Annual Household Income**   *If joint account, check box based on combined income.*
X $100,000-$199,999

**Total Net Worth Excluding Home**   *If joint account, check box based on combined total net worth.*
X $500,000-$999,999

**Liquid Net Worth** (cash, stocks, mutual funds, etc.)   *If joint account, check box based on combined liquid net worth.*
X $200,000-$499,999

Do you have accounts at other brokerage firms or mutual fund companies? If yes, indicate type of firm. (*Check all that apply.*)

X Yes                       X Full Commission
                            X Discount (electronic)

**Account Holder**

Investment Experience and Knowledge:

                            X Good

Employer (*If unemployed, self-employed, retired, a student or a homemaker, please state.*)

                            Lovejoy & Associates

Business City, State and Zip Code:    3695 Post Road

Specify Occupation (*If self-employed, please describe.*)    Southport, CT 06490

Is your employer a registered broker/dealer? If yes, SEE YOUR COMPLIANCE OFFICER FOR WRITTEN APPROVAL, WHICH WE MUST RECEIVE PRIOR TO OPENING YOUR ACCOUNT.
Check one:

                            X No. My employer is not a registered broker/dealer.

Are you a director, 10% shareholder, or policy-making officer of a publicly owned company? If so, specify company(s):

**Applicant Signature**  _____

Please read and sign to apply for your E*TRADE account:

I am of legal age to contract. I acknowledge that I have received, read, and agree to be bound by the terms and conditions as currently set forth in the E*TRADE Customer Agreement and as amended from time to time. I ACKNOWLEDGE THAT E*TRADE DOES NOT PROVIDE INVESTMENT, TAX, OR LEGAL ADVICE OR RECOMMENDATIONS. Under penalty of perjury, I certify (1) that my Social Security (or taxpayer ID) number shown on this form is correct and (2) that I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding or (c) I have been notified by the IRS that I am no longer subject to backup withholding (cross out item 2 if it does not apply to you). [The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.]

I understand that E*TRADE will supply my name to issuers of any securities held in my account so that I might receive any important information from them, unless I notify you in writing not to do so.

I acknowledge that securities held in my Margin account may be pledged, repledged, hypothecated, or rehypothecated for any amount due E*TRADE in my account(s) or for a greater amount. I UNDERSTAND THAT THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION CLAUSE CONTAINED IN PARAGRAPH 31B OF THE E*TRADE CUSTOMER AGREEMENT.

All account applicants must sign below:

X _____

E*TRADE Account Appl.   orm : SPOE (AOL) : 47952021 JD   3-03    Page 4

Signature of Authorized Account Holder or Custodian  Date

| For E*TRADE use only: | E*TRADE Account Number: |
|---|---|
| I have received this application and believe the account is suitable for: | |
| ☐ Cash    ☐ Margin | Approval: X_____ Date_____ |
| ☐ Options - Level One  ☐ Options - Level Two  ☐ Options - Level Three | Approval: X_____ Date_____ |

## Cash Management Features

Designate which money market fund you wish to use for your uninvested cash. A prospectus will be mailed to you. Please read it carefully before you invest. Note: If you do not check a box, your uninvested cash will earn credit interest.

Type Name of Authorized Account Holder
or Custodian *(first, middle initial, last)* :

Frederick A Lovejoy

Between-investment choices. Check one. A prospectus of the fund you choose, will be mailed to you. (International customer can only select Credit Interest Fund.)
X Money Market Portfolio

Please indicate number of signatures required to process checks: X (One) Two

Free Checkwriting. We will mail your checks to you within three weeks of opening your account. Print and sign below exactly as your account is registered. For joint accounts, both applicants must print and sign.

X _Frederick C. Lovejoy_  12/28/98          FREDERICK A. Lovejoy

Signature of Authorized Account Holder or Custodian  Date

For E*TRADE use only:  E*TRADE Account Number: _____

If you have questions, e-mail us at *service@etrade.com* or call Customer Service at 1-800-STOCKS-5 (1-800-786-2575) 8:00 a.m. to midnight ET.

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by fax this 10th day of October, 2003 to the following counsel of record:

Frederick A. Lovejoy, Esq.
Lovejoy & Associates
276 Center Road
Easton, CT 06612

John F.X. Peloso, Jr.