UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



----------------------------------------
SUZANNE M. EGGLESTON and        :
FREDERICK A. LOVEJOY,           :
                                :
            Plaintiffs,         :   3:02CV188(WWE)
                                :
    -against-                   :
                                :
E-TRADE SECURITIES, INC.,       :
E-TRADE, INC. and STEPHEN TACHIERA,  :   November 6, 2003
                                :
            Defendants.         :
----------------------------------------

PLAINTIFFS' SUZANNE M. EGGLESTON AND FREDERICK A. LOVEJOY'S SUR-REPLY TO "DEFENDANTS REPLY MEMORANDUM IN RESPONSE TO THE COURT'S SEPTEMBER 25, 2003 ORDER," DATED OCTOBER 31, 2003

Plaintiffs Suzanne M. Eggleston and Frederick A. Lovejoy submit this sur-reply to address certain misstatements contained in "Defendants' Reply Memorandum in Response to the Court's September 25, 2003 Order," dated October 31, 2003.

FIRST: Defendants' statement at p. 4 of its October 31, 2003 Memorandum states that:

> Moreover, plaintiff Russo's claim that he did not receive the E-TRADE Customer Agreement is based solely on the fact that "[his] file does not contain a . . . copy." Pl. Br., Exh. H, ¶ 3. This claim is meaningless. Plaintiff Russo's own Declaration makes clear that he did not retain communications with E-TRADE, and Plaintiffs had to request copies of all communications from E-TRADE in order to prepare their taxes. Pl. Br., Exh. H, ¶ 6. Thus, unlike in Specht, Plaintiffs received a hard copy of the Customer Agreement containing the arbitration clause.

is totally false.

Plaintiff Frederick A. Lovejoy has stated throughout this litigation, on personal knowledge, that he <u>never received a copy of the E-TRADE Customer Agreement either by mail or electronically</u>.

Not only can plaintiff Frederick A. Lovejoy state on personal knowledge that he never received the E-trade "Customer Agreement, but that the plaintiffs examined their records/files in 2001 when they filed suit in order to <u>examine every</u> document they had received from defendant E-TRADE and found no "Customer Agreement." Moreover, they did so again when they were in the process of attempting to prepare their 2002 tax return finding no "Customer agreement".[1]

At that time, not only was the absence of any E-TRADE "Customer Agreement" confirmed, but the absence of numerous confirmation of unauthorized trades conducted by E-TRADE. The absence of the 2001 year trade confirmations, which E-TRADE's counsel eventually provided to plaintiffs, clearly resulted from E-TRADE's failure to properly change plaintiffs' address, although requested to do so in writing in January 2001, and via telephone, thereafter, during the winter and spring of 2001.

Unfortunately, as the documents which appear at Exhibit I to plaintiffs' October 23, 2003 brief demonstrate, it took E-TRADE's personnel somewhere between <u>six and eight months to effectuate a simple request to have an address updated/changed</u>.

Additionally, defendant E-TRADE's counsel's statement that ". . . plaintiffs received a hard copy of the Customer Agreement containing the arbitration clause," is inaccurate.

2

Plaintiffs never received any such agreement. Moreover, defendant E-TRADE has not proffered any evidence that it, in fact, sent such a customer agreement, except to assert that an <u>outside vendor</u> was supposed to send such agreements. Simply put, had an outside vendor actually sent such an agreement, there would certainly be some sort of a list, <u>et cetera</u>, which contained plaintiffs' name and address that would have been provided to the outside vendors, and inexplicably defendant E-TRADE has never proffered such evidence.

<u>SECOND</u>: Attorney James A. Budinetz's assertion that "The entire argument is based on the <u>current</u> version of the E-TRADE online account application process – not the process that was in place in 1998 when Plaintiffs opened their account," is not supported by anyone with knowledge and should be disregarded by this Court.

Moreover, Attorney Budinetz does not explain how, if at all, the E-TRADE process has been altered. Moreover, if the current application process runs afoul of <u>Specht</u>, which it appears to do, how then can defendant E-TRADE assert <u>with a straight face</u> that what it was doing five (5) years ago is somehow better than what it does today.

<u>LAST</u>: If applicable, which plaintiffs assert it is not, plaintiff Frederick A. Lovejoy signed an application which stated one thing while the E-TRADE "Customer Agreement", which defendant E-TRADE never provided to/sent to plaintiff Frederick A. Lovejoy, but contained something else. As such, the ambiguity that exists between the language contained in the Application and that contained in the "Customer Agreement," both drafted by defendant E-

---

[1] Incidentally, plaintiffs have examined their files relating to their other brokerage accounts, and each and every document that was sent by those entities is present in their files.

3

TRADE, should be resolved in favor of the plaintiffs; i.e., the contradictory language contained in the "Customer Agreement" should be disregarded.

## CONCLUSION

The defendant E-TRADE's application to have this case stayed and to compel arbitration should be denied.

Dated: Easton, Connecticut  
November 6, 2003

LOVEJOY & ASSOCIATES  
Attorneys for Plaintiffs,  
Suzanne M. Eggleston and Frederick A. Lovejoy

By: _____  
Frederick A. Lovejoy (CT 03121)  
276 Center Road  
P.O. Box 56  
Easton, Connecticut 06612  
(203) 459-9941  
(203) 459-9943 (telefax)

RussoSurreply.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent by U.S. mail on November 6, 2003, postage prepaid, to:

James A. Budinetz, Esq.
Pepe & Hazard, LLP
225 Asylum Street
Hartford, Connecticut 06103

_____
FREDERICK A. LOVEJOY