IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                    )
**SUZANNE M. EGGLESTON** and        )
**FREDERICK LOVEJOY,**              )
                                    )
            Plaintiffs,             )
                                    )    Civil Action No. 3:02CV188 (WWE)
      v.                            )
                                    )
**E*TRADE SECURITIES, INC.,** *et al.,* )
                                    )
            Defendants.             )
_____)

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO RECONSIDER AND/OR TO AMEND THE COURT'S
RULING ON MOTION TO STAY AND TO COMPEL ARBITRATION

Through this Motion, defendants E*TRADE Securities, Inc., E*TRADE Group, Inc. (erroneously sued as E*TRADE, Inc.) and Stephen Tachiera (collectively, "E*TRADE") *do not ask the Court to reconsider the substance of its ruling on E*TRADE's Motion to Stay and to Compel Arbitration.* Instead, E*TRADE respectfully asks only that the Court reconsider the *procedural* posture of the case to avoid any confusion concerning E*TRADE's appeal rights.

I.      RELEVANT PROCEDURAL HISTORY

This action arises out of Plaintiffs' claim that E*TRADE made an unauthorized trade in their on-line brokerage account. By Motion dated August 9, 2002, E*TRADE moved to stay the action and to compel arbitration based upon an arbitration clause contained in the E*TRADE Customer Agreement. Thereafter, the parties submitted briefs to the Court addressing the issue of arbitrability. By ruling dated November 10, 2003, the Court denied

/1/3/656141v1
11/25/03-HRT/

E*TRADE's Motion, and held that there were "disputed issues of fact relevant to the formation of an agreement to arbitrate that required a trial," and ordered the parties to submit a discovery schedule and trial dates to resolve the issue.  Decision at 6.

## II.     ARGUMENT

Although the Court's Decision makes clear that it has not reached a final decision on the issue of arbitrability and will hold a trial on the issue, the denial of E*TRADE's Motion to Stay and to Compel Arbitration triggers an immediate right of appeal under the Federal Arbitration Act.  9 U.S.C. § 16(a).  Therefore, E*TRADE may be required to exercise its right to appeal within thirty (30) days of the entry of the Court's ruling.  Fed. R. App. Proc. 4(a)(1)(A).

Based on the Court's Decision, however, E*TRADE recognizes that filing an appeal at this juncture is premature.  Therefore, to avoid unnecessary filings with the Court of Appeals and to avoid any confusion with respect to E*TRADE's time for filing an appeal, E*TRADE respectfully requests that this Court amend its Decision either to:

(i)    hold in abeyance a ruling on E*TRADE's Motion to Stay and to Compel Arbitration pending the outcome of the trial; or

(ii)   modify the Decision to hold that the denial of E*TRADE's Motion is *without prejudice* to renew following the close of evidence at trial.

By proceeding in this fashion, the Court can rule on E*TRADE's Motion to Stay and to Compel Arbitration after hearing evidence on the issue of arbitrability.  Other Court's in this

Circuit have proceeded in this manner.[1]

### III.  CONCLUSION

For these reasons, E*TRADE respectfully requests that the Court reconsider and/or amend its Ruling on Defendants' Motion to Stay and to Compel Arbitration.

Dated:  November 25, 2003                    Respectfully submitted,

 

James A. Budinetz, Esquire
Ct. Fed. Bar No.: ct16068
Pepe & Hazard LLP
225 Asylum Street
Goodwin Square
Hartford, CT  06103
e-mail: jbudinetz@pepehazard.com
Telephone:  860.241.2693
Facsimile:  860.522.2796

**OF COUNSEL:**

Douglas P. Lobel
ARNOLD & PORTER
1600 Tysons Boulevard, Suite 900
McLean, VA 22102
703.720.7035 (voice)
703.720.7399 (fax)
douglas_lobel@aporter.com

Attorneys for Defendants
 E*TRADE SECURITIES, INC.,
 E*TRADE GROUP, INC.
 (erroneously
 sued as E*TRADE, INC.), and
 STEPHEN TACHIERA

---

[1]  *See, e.g.*, *Milliken & Co. v. Flamingo Textile Mills, Inc.*, 89CV2952, 1989 U.S. Dist. LEXIS 9551 (S.D.N.Y. Aug. 14, 1989) ("[T]he Court defers decision on petitioner's motion to compel arbitration pending a hearing on the issue of whether a valid contract exists between Petitioner and Respondent."); *Ministry of Indus. & Trade v. S. Kasmas & Bros., Ltd.*, CV3575, 2001 U.S. Dist. LEXIS 13878 (S.D.N.Y. Sept. 7, 2001) (denying motion to compel arbitration "without prejudice to renewal after the conclusion of trial on the sole issue of the validity of the arbitration clause"); *Brodene v. Biltmore Securities, Inc.*, 96CV0572, 1997 U.S. Dist LEXIS 5604 (W.D.N.Y. April 22, 1997) (denying motion to compel arbitration without prejudice pending a hearing on the making of the arbitration agreement).

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 25th day of November, 2003, served a copy of Defendants' Motion To Reconsider and/or To Amend the Court's Ruling On Motion To Stay And To Compel Arbitration by causing a copy of same to be delivered by United States mail, first class postage prepaid, to:

>Frederick A. Lovejoy, Esq.
>276 Center Road
>P.O. Box 56
>Easton, CT  06612
>
>John F. X. Peloso, Esq.
>Robinson & Cole, LLP
>Financial Centre
>695 East Main Street
>Stamford, CT  06904-2305

_____
James A. Budinetz

/1/3/656141v1
11/25/03-HRT/