IN THE
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

_____
                                  )

**SUZANNE M. EGGLESTON and**      )
**FREDERICK LOVEJOY,**          )
                                    )
                **Plaintiffs,**      )
                                    )     **Civil Action No. 3:02CV188 (WWE)**
          **v.**                  )
                                    )
**E*TRADE SECURITIES, INC.,** _et al.,_  )
                                    )
              **Defendants.**   )
_____)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO RECONSIDER A PORTION**
**OF THE COURT'S FEBRUARY 10, 2004 ORDER**

        Defendants E*TRADE Securities, Inc., E*TRADE Group, Inc. (erroneously

sued as E*TRADE, Inc.) and Stephen Tachiera (collectively, "E*TRADE") respectfully

hereby file this memorandum in support of their Motion to Reconsider that portion of the

Court's order dated February 10, 2004 that requires a jury trial on issues relating to the

formation of the agreement to arbitrate.

**I.**      **PROCEDURAL HISTORY**

        This action arises out of Plaintiffs' claim that E*TRADE made an unauthorized

trade in their on-line brokerage account.  On August 9, 2002, E*TRADE moved to stay the

action based upon an arbitration clause contained in the E*TRADE Customer Agreement.

Plaintiffs' filed their opposition to E*TRADE's Motion on October 2, 2002.  Thereafter, the

parties submitted additional briefs to the Court addressing the issue of arbitrability.  At no time

in this case have Plaintiffs demanded a jury trial on any issue.

By ruling dated November 10, 2003, the Court denied without prejudice E*TRADE's Motion, and held that there were "disputed issues of fact relevant to the formation of an agreement to arbitrate the required trial." The Court ordered the parties to submit a discovery schedule and trial dates to resolve the issue. Decision at 6. On February 10, 2004, this Court entered a scheduling order, which requires the parties to select a jury and to proceed with a jury trial during the week of July 26, 2004 on issues relating to the formation of the agreement to arbitrate (the "February 10 Order" or the "Order").

E*TRADE now respectfully moves the Court to reconsider that portion of its Order that provides for a trial before a jury for two reasons:

- Plaintiffs never demanded a jury trial within the time permitted by the Federal Arbitration Act or at any time; and

- 9 U.S.C § 3 governs E*TRADE's Motion and does not provide any right to a jury trial.

## II.    ARGUMENT

### A.    Plaintiffs Never Demanded Jury Trial On Any Issue In This Case.

The only right to a jury trial embodied in the Federal Arbitration Act is set forth at 9 U.S.C. § 4, which permits a Court to compel arbitration where the parties agreed to arbitrate their disputes. Under 9 U.S.C. § 4, when the formation of the agreement to arbitrate is disputed, the party refusing to arbitrate may make a timely demand for a jury trial to resolve those issues. Otherwise, the Court hears and determines the issues in dispute. Indeed, 9 U.S.C. § 4 expressly provides:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. **If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and**

> **determine such issue.  Where such an issue is raised, the party alleged to be in default may . . . on or before the return day of the notice of application, demand a jury trial of such issue**, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9 U.S.C. § 4 (emphasis supplied).

Even assuming that E*TRADE's Motion to Stay was brought pursuant to 9 U.S.C. § 4, ***Plaintiffs have never demanded a jury trial on issues relating to E*TRADE's Motion*** (or with respect to any issue in the case).  Any demand made at this time would be untimely.  *Russolillo v. Thomson McKinnon Secur., Inc.*, 694 F.Supp. 1042, 1044 (D. Conn. 1988) (Dorsey, J.) (finding issues of fact exist as to the formation of the agreement to arbitrate and setting hearing for the Court to determine the issues because plaintiff "has not made a timely demand for a jury trial of that issue.").  Thus, issues relating to the formation of an agreement to arbitrate should be decided by the Court.

For this reason, E*TRADE respectfully requests that the Court reconsider that portion of its February 10 Order, and set this matter for an evidentiary hearing before Court rather than to a jury.

**B.    9 U.S.C. § 3 Does Not Provide A Right to a Jury Trial.**

As noted above, only 9 U.S.C. § 4 of the Federal Arbitration Act provides a right to a jury trial.  Section 4 by its terms, however, applies only to a **separate action** commenced by a party for the sole purpose of compelling another party to arbitrate.  9 U.S.C. § 4.  Section 4 does not contemplate the present circumstance—where a party, such as E*TRADE, is sued and thereafter files a motion to stay the action pending arbitration.  In such

a circumstance, 9 U.S.C. § 3 governs and permits a Court to stay the action upon "being

satisfied" that there are issues in the case that the parties agreed to arbitrate.  Unlike 9 U.S.C.

§ 4, § 3 *does not* provide a jury trial right.

      The Second Circuit has expressly recognized the important differences between

§ 3 and § 4 proceedings under the Federal Arbitration Act:

> Throughout these proceedings, [Defendant] has, at times,
> referred to its motion [to stay proceedings pending arbitration] as
> relying on both section 3 *and* section 4 of the Federal Arbitration
> Act.  **However, section 4, by its very terms, refers only to
> situations in which a party aggrieved by another's failure to
> honor an arbitration agreement initiates an independent
> proceeding to compel arbitration by filing a petition in the
> District Court**.  *See* **9 U.S.C. § 4 (1982).  When, as in this
> case, a party seeks a stay pending arbitration in the context of
> an ongoing lawsuit, that party is seeking relief pursuant to
> section 3.**  *See id*. § 3.

*McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 763

n.1 (2d Cir. 1988) *(*italics in original; other emphasis supplied); *see also Tepper Realty Co. v.*

*Mosaic Tile Co.*, 259 F. Supp. 688, 691-692 (S.D.N.Y. 1966) (rejecting plaintiff's claim for a

trial under § 4 because defendants' motion to stay implicated only § 4 which does not provide a

jury trial right).[1]  Here, Plaintiffs commenced this action against E*TRADE, and E*TRADE

thereafter sought to stay the action.  Therefore, 9 U.S.C. § 3 governs such a Motion—not

§ 4—and Plaintiffs have no right to a jury trial.

      E*TRADE recognizes that courts of this Circuit—when not directly confronted

with the issue E*TRADE now raises—have occasionally referred to 9 U.S.C. § 3 and 9

---

[1] A portion of the McDonnell Douglas decision addressing whether an immediate appeal can be taken based on a
court's ruling on a Motion to Stay was superceded when Congress added 9 U.S.C. § 16.  This has no bearing on
the portion of the decision cited.

U.S.C. § 4 applications interchangeably or have assumed that a party could obtain a jury trial in procedural postures similar to this case. *See, e.g., Almancenes Fernandez, S. A. v. Golodetz*, 148 F.2d 625, 628-629 (2d. Cir. 1945) (distinction between § 3 and § 4 motion not raised, and analyzing and rejecting right to a jury trial in an action in which the defendant filed a motion to stay in response to plaintiff's commencement of action); *Russolillo*, 694 F. Supp. at 1044.

Courts that have addressed the issue, however, have found no jury trial right exists under circumstances similar to this case. In *Barker v. Trans Union, LLC*, No. 03 C3837, 2004 U.S. Dist. LEXIS 874 (N.D. Ill. Jan. 22, 2004), for example, the court held that although the defendant erroneously moved to stay the proceedings and to compel arbitration pursuant to both 9 U.S.C. § 3 and § 4, only the § 3 Motion to Stay was properly before the Court given the procedural posture of the case, and therefore no right to a jury trial existed:

> ***A § 3 motion is solely for the court to decide. Unlike a § 4 motion to compel arbitration, on a § 3 motion to stay court Proceedings there is no right to a jury trial to resolve any disputed factual issues.*** *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 873-74 (7th. Cir. 1985); *J&R Sportswear & Co. v. Bobbie Brooks, Inc.*, 611 F.2d 29, 30 (3d Cir. 1979); *Oasis Oil & Refining Corp. v. Armada Transport & Refining Co.*, 719 F.2d 124, 126 (5th Cir. 1983); *Quinlan v. Painewebber, Inc.*, 1989 U.S. Dist. LEXIS 5043, 1989 WL 48117 *1-2 (E.D. Pa. May 8, 1989); *Marshal v. Green Giant Co.*, 1985 U.S. Dist. LEXIS 17074, 1985 WL 2458 *2 (D. Minn. Aug. 7, 1985).

*Id.* at *7-*8 (emphasis supplied); *see also Tepper Realty Co. v. Mosaic Tile Co.*, 259 F. Supp. 688, 691-692 (S.D.N.Y. 1966) (rejecting plaintiff's claim for a trial because motion to stay implicated only § 3 ); *Kelly v. UHC Management Co., Inc.,* 967 F. Supp. 1240, 1254 (N.D. Ala. 1997) (rejecting plaintiffs' argument that they had a right to a jury trial under § 3 because

it was closely related to a § 4 motion to compel arbitration, because "the plain language of § 3 states that the court is to determine whether to stay the action," and that "[n]o mention whatsoever is made of a right to a jury trial under § 3"); *Hall*, 708 F. Supp. at 713 (rejecting claim for a jury trial because no independent § 4 action had been commenced, so no jury trial right existed); *Marshall v. Green Giant Co.*, CV 4-83-578, 1985 U.S. Dist. LEXIS 17074 (D. Minn. Aug. 7, 1985) (FAA § 3 "appears to repose in the court the power to decide an application for stay and to determine whether an evidentiary hearing is necessary for its resolution" and setting the matter down for an evidentiary hearing before the court).[2]

Under the Second Circuit's holding in *McDonnell Douglas*, 9 U.S.C. § 4 does not apply to this case because there exists no independent action to compel arbitration.  Instead, 9 U.S.C. § 3 governs E*TRADE's Motion, and no jury trial right exists.

---

[2] E*TRADE recognizes that, like the defendants in *Barker* and *McDonnell Douglas*, it has urged the court to compel arbitration in its briefs.  In fact, E*TRADE seeks only to have this action stayed, so that Plaintiffs may commence an arbitration if they so choose.  E*TRADE remains willing to arbitrate Plaintiffs' claims.

III.    **CONCLUSION**

Based on the foregoing, E*TRADE respectfully requests that this Court reconsider that portion of its February 10, 2004 Order that sets this matter for a jury trial, and to permit this limited evidentiary hearing to proceed before the Court.

Dated:  February 20, 2004                      Respectfully submitted,

_____

James A. Budinetz, Esquire
Ct. Fed. Bar No.: ct16068
Pepe & Hazard LLP
225 Asylum Street
Goodwin Square
Hartford, CT  06103
e-mail: jbudinetz@pepehazard.com
Telephone:  860.241.2693
Facsimile:  860.522.2796

**OF COUNSEL:**                                Attorneys for Defendants
    Douglas P. Lobel                              E*TRADE SECURITIES, INC.,
    ARNOLD & PORTER                        E*TRADE GROUP, INC.
    1600 Tysons Boulevard, Suite 900      (erroneously
    McLean, VA 22102                          sued as E*TRADE, INC.), and
    703.720.7035 (voice)                        STEPHEN TACHIERA
    703.720.7399 (fax)
    douglas_lobel@aporter.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 20th of February, 2004, served a copy of Defendants'

Memorandum of Law in Support of its Motion to Reconsider a Portion of the Court's February

10, 2004 Order by causing a copy of same to be delivered by United States mail, first class

postage prepaid, to:

> Frederick A. Lovejoy, Esq.
> 276 Center Road
> P.O. Box 56
> Easton, CT  06612

_____
James A. Budinetz