UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                      |   |                        |
|--------------------------------------|---|------------------------|
| SUZANNE M. EGGLESTON and FREDERICK LOVEJOY | : | |
| v.                                   | : | CIV. NO. 3:02CV188 (WWE) |
| E*TRADE SECURITIES, INC. and STEPHEN TACHIERA | : | |

RULING ON SCOPE OF DISCOVERY

     This case arises out of plaintiffs' claim that E*TRADE
erroneously placed 500 shares of stock in their on-line brokerage
account in 2001.  Pursuant to the arbitration agreement governing
the account, E*TRADE moved to stay these proceedings pending
arbitration.  In opposition, plaintiffs asserted that no
agreement to arbitrate was ever formed because they neither saw
the Customer Agreement on E*TRADE's website when they applied for
an account, nor received a hard copy in the mail as part of
E*TRADE's standard Welcome Kit.

     On November 10, 2003, Judge Eginton denied without prejudice
E*TRADE's motion to stay the proceedings and compel arbitration,
finding that "disputed facts relevant to formation of an
agreement to arbitrate" required a trial. [Doc. #41 at 6].  The
parties were instructed to provide the Court with a proposed
scheduling order by December 20, 2003. A trial on the issue of
arbitration is scheduled before Judge Eginton for July 16, 2004.
This matter was referred for a determination on the scope of
discovery.  Position letters were submitted to the Court on March

12, 2004. Oral argument was held on March 18, 2004.

In his ruling, Judge Eginton found that "[t]he record presented to the Court does not adequately resolve whether plaintiffs had adequate access to read the terms of the Customer Agreement through hyperlinks or a hardcopy." [Doc. #41 at 6].

After careful consideration, the Court orders the following discovery.

Concerning the Customer Agreement, E*TRADE will provide discovery on any reported "breakdowns" to its website on the day in December 1998 when plaintiff Lovejoy opened his trading account.

E*TRADE will produce documentation and/or respond to interrogatories regarding E*TRADE's claim that its outside vendor mailed plaintiff Lovejoy a "welcome kit" containing a hard-copy of the Customer Agreement.

The parties may seek a telephone conference with the Court if questions arise regarding the scope of this order. "[C]ompliance with discovery ordered by the Court shall be made within ten (10) days of the filing of the Court's order," pursuant to D. Conn. L. Civ. R. 37(a)(5).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

SO ORDERED at Bridgeport this 24th day of March 2004.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE