UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - -
SUZANNE M. EGGLESTON and
FREDERICK A. LOVEJOY,                      :

          Plaintiffs,                      :        3:02CV188(JBA)

     -against-                             :

E-TRADE SECURITIES, INC.,                  :
E-TRADE, INC. and STEPHEN TACHIERA,        :
                                                    December 6, 2004
          Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFFS SUZANNE M. EGGLESTON AND FREDERICK A. LOVEJOY'S OBJECTION TO THAT PORTION OF DEFENDANTS' NOVEMBER 15 2004 MOTION FOR SANCTIONS

Now come plaintiffs Suzanne M. Eggleston and Frederick A. Lovejoy, and as and for their objection to defendants' November 15, 2004 Motion, state as follows:

### BACKGROUND

1.    That on or about October 7, 2004, counsel for defendants contacted the undersigned and requested a 30 day extension of time in which to submit the Joint Trial Memorandum because he had work conflicts, and stated that he believed that he could not get it completed by October 15, 2004.

2.    The undersigned was ready to go forward and had, in fact, specifically set aside time in order to work on the Joint Trial Memorandum with defendants' counsel, but due to defendants' counsel's request, consented to his request for an extension to and including November 15, 2004.

ORAL ARGUMENT REQUESTED
TESTIMONY REQUIRED

3.    That at that time defendants' counsel agreed that, because it would be drafting the lion's share <u>and</u> because the undersigned had numerous pre-existing commitments around November 15, 2004, defendants' counsel would provide the initial draft around the first of November, 2004.

4.    On November 4, 2004, I received an e-mail from defendants' counsel stating that he would be working, including over the weekend, on the Joint Pretrial Memorandum and would get it to me by Wednesday, November 10, 2004. (See Exhibit A)

5.    That in response thereto, I telephoned defendants' counsel and left a message reminding him of my various conflicting commitments on November 10, 11 and 12, 2004, and requested that the document be provided earlier in the week.

6.    That on early Wednesday morning, November 10, 2004, I was provided and I downloaded defendants' counsel's "Joint Pretrial Memorandum" (See Exhibit B attached hereto). However, upon review I discovered it contained little or no real substance, but I, thereafter, telefaxed the corrections indicated thereon to defendants' counsel.

7.    Thereafter, on my return on Friday, I received defendants' counsel's <u>37 page</u> draft of the Joint Pretrial Memorandum.

8.    During Friday afternoon I telephoned defendants' counsel to advise him that I was having difficulties formatting that section of the Webster's dictionary that I had elected to use on pp. 4, 5 and 6 of plaintiff's portion of the Joint Pre-Trial submission.

9.     In my discussions with defendants' counsel he asked how extensive plaintiffs' Proposed Conclusions of Law were to be, and I responded that I only intended to use <u>four</u> cases, and provided him with the names of the cases.

10.     That counsel for defendants stated that he would be in the office working on this and other matters, exactually as he had done the weekend of November 6th (See Exhibit A attached hereto – highlighting ours) and, as such, it was agreed that I would e-mail plaintiffs' submission earlier Saturday morning.

11.     That at 8:20 a.m. on Saturday morning, November 13, 2004, I e-mailed plaintiffs' submission prior to departing for the weekend. ( Exhibit C)

12.     Additionally, on Friday, November 12, 2004, counsel agreed to work on the Joint Pretrial Memorandum of Monday, November 15, 2004.

13.     That on Monday, November 15, 2004, at about 9:00 a.m. I received a telephone call from counsel for defendants in which he claimed not to have received plaintiffs' submission.

14.     That I immediately e-mailed it to defendants' counsel again and was ready to work on the Joint Trial Memorandum for the entirety of Monday, November 15, 2004, but counsel for defendants refused.

15.     That it is the plaintiffs that should be upset with defendants' counsel for failing to abide by the deadlines previously agreed to, and in supplying its massive submission to plaintiffs' counsel when they knew him to be otherwise engaged, and in not allowing him adequate time to attempt to respond to defendants' massive submission.

16.    That the undersigned continued to be willing to jointly work on the submission on Monday, November 15, 2004, but defendants' counsel refused.

17.    That defendants' counsel's claim that he had two attorneys and a secretary working on the Joint Trial Memorandum is incredulous.

Wherefore, plaintiffs request that defendants' Motion be denied.

Dated: Easton, Connecticut
      December 6, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiffs,
Suzanne M. Eggleston and Frederick A. Lovejoy

By:_____
Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

RussoObjection.doc

4

Exhibit  A

**Budinetz, Jim**

| | |
|---|---|
| **From:** | Budinetz, Jim |
| **Sent:** | Thursday, November 04, 2004 6:19 PM |
| **To:** | 'lovejoyadm@aol.com' |
| **Subject:** | Joint Trial Brief |

Fred:

I'll be turning my attention to the joint trial memorandum tomorrow and working on it over the weekend as well. I'll try to have the defendant-specific sections to you mid-week, and would ask that you draft those sections that are plaintiff-specific so that we can exchange it then, and put the brief together fully next Friday for filing next Monday (Nov. 15). I'll also draft up the joint sections for your review, as well. Does that work for you?

Thanks --

Jim Budinetz
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103-4302
860.241.2693 (p)
860.522.2796 (f)
jbudinetz@pepehazard.com

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●
THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE AND ANY ATTACHED DOCUMENT(S) IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (860) 522-5175 OR BY ELECTRONIC MAIL (postmaster@pepehazard.com) IMMEDIATELY. THANK YOU.

Exhibit  B

*[Handwritten fax cover note at top: "To: Ilin Buckens" / "7671" / Date: 11/10/4 / # of pages: 7 / From: Lovejoy / Fax #: (860) 522-2796]*

[ST]ATES DISTRICT COURT
[DISTR]ICT OF CONNECTICUT

| | |
|---|---|
| SUZANNE M. EGGLESTON and<br>FREDERICK LOVEJOY, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 3:02CV188 (JBA) |
| v. ) ) | |
| E*TRADE SECURITIES, INC., *et al.*, ) ) | |
| Defendants. ) ) | NOVEMBER 15, 2004 |

## JOINT TRIAL MEMORANDUM

Plaintiffs, Frederick A. Lovejoy and Suzanne M. Eggleston, and the Defendants,

E*TRADE Securities, Inc., E*TRADE Group, Inc., and Stephen Tachiera, (collectively

"E*TRADE") respectfully submit this Joint Trial Memorandum pursuant to this Court's Order

dated June 29, 2004.

## I.     TRIAL COUNSEL

For Plaintiffs:

Frederick A. Lovejoy, *Esq* *[handwritten]*
P. O. Box 56
Easton, CT   06612
(203) 860.459.9941
lovejoyadm@aol.com

*[handwritten:]* Lovejoy & Associates, LLC
(203) 459-9943 / fax)

For Defendants:

James A. Budinetz
Pepe & Hazard LLP
Goodwin Square, 225 Asylum Street
Hartford, CT  06103-4302
860.522.5175
jbudinetz@pepehazard.com

## II.    JURISDICTION

This Court's jurisdiction over this matter is premised upon 28 U.S.C. § 1332.

## III.    JURY/NON-JURY

Trial in this matter is limited to the issue of arbitrability.  It will be tried to the Court.

## IV.    LENGTH OF TRIAL

The parties estimate that trial will last two (2) days.

## V.    FURTHER PROCEEDINGS

The only further proceedings the parties anticipate prior to trial would be rulings on evidentiary issues or if the Court believes, based on a review of the Pre-Trial Order, that this matter is ripe for Summary Judgment.

## VI.    NATURE OF THE CASE

Because the upcoming trial is limited to the issue of arbitrability, the parties believe they can jointly summarize the nature of the case and the relief sought.  In the underlying action, Plaintiffs allege that Defendants mishandled their online securities brokerage account.  The dispute presently before the Court is limited to the issue of whether the E*TRADE Customer Agreement, which contains an arbitration provision, requires Plaintiffs to arbitrate their dispute with Defendants.  Plaintiffs assert that they are not bound by the terms of the

*[handwritten:]* 1) the agreement was made known to plaintiffs and 2) the initial account opened by plaintiff FAL was closed in December 2000.

E*TRADE Customer Agreement and Defendants assert that Plaintiffs are bound.

## VII.    TRIAL BY MAGISTRATE JUDGE

The parties were unable to agree to a trial by a Magistrate Judge.

## VIII.    WITNESSES AND EXHIBITS

### A.    <u>Witnesses</u>

1.    Plaintiffs intend to call the following witnesses at trial, and include a brief summary of the witness's testimony:

2.    Defendants intend to call the following witnesses at trial, and include a brief summary of the witness's testimony:

### B.    <u>Exhibits</u>

1.    The Plaintiffs attach as Exhibit A, a list of those exhibits with a brief description of their contents, to be offered at trial.

2.    The Defendants attach as Exhibit B, a list of those exhibits with a brief description of their contents, to be offered at trial.

## IX.    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    **Stipulation of Uncontroverted Facts**

The parties hereby stipulate to the following facts:

1.    Plaintiff Lovejoy applied for an online securities trading account with E*TRADE Securities, Inc. in or about December 1998.

2.    To apply for an E*TRADE account, Plaintiff Lovejoy entered certain information into E*TRADE's online account application on E*TRADE's website, printed the application, and signed it.

3.    Plaintiff Lovejoy then mailed the signed application into E*TRADE with a check in the amount of $2,000.

4.    Thereafter, E*TRADE approved and opened an online account for Plaintiff Lovejoy, mailed Plaintiff Lovejoy a passcode that allowed him to access the account over the internet, and Plaintiff Lovejoy executed securities trades in the account.

5.    Following the Plaintiff Lovejoy's execution of trades in his online securities account, Plaintiff Lovejoy received a trade confirmation from E*TRADE.

B.    **Agreed Statement of Contested Issues of Fact**

The parties hereby submit an agreed statement of the contested issues of fact:

1.

C.    **Agreed Statement of Contested Issues of Law**

The parties hereby submit an agreed statement of the contested issues of law:

1.

**D.    Plaintiffs' Proposed Findings of Fact**

Plaintiffs propose the following findings of fact:

1.

**E.    Plaintiffs' Proposed Conclusions of Law**

Plaintiffs propose the conclusions of law set forth below:

1.

**F.    Defendants' Proposed Conclusions of Fact**

Defendants propose the following findings of fact:

1.

**G.    Defendants' Proposed Conclusions of Law**

Defendants propose the conclusions of law set forth below.  Defendants respectfully reserve the right to file a pre-trial memorandum addressing many of these legal issues in greater detail.  [FRED: DO YOU WANT TO ALSO DO THIS?]

1.

**X.    OBJECTIONS**

**A.    Plaintiffs Objections to Defendants' Legal Claims**

Plaintiffs object to Defendants' Legal Claims as set forth below:

**B.**     **Defendants Objections to Plaintiffs' Legal Claims**

Defendants object to Plaintiffs' Legal Claims as set forth below. Defendants respectfully reserve the right to file a pre-trial memorandum addressing these legal issues in greater detail. [FRED:  DO YOU WANT TO ALSO DO THIS?]

1.

Dated:  November _____, 2004              Respectfully submitted,

**LOVEJOY & ASSOCIATES**
Attorney for Plaintiffs,
Suzanne M. Eggleston and
Frederick A. Lovejoy


By:_____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P. O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943

James A. Budinetz, Esquire
Ct. Fed. Bar No.: ct16068
Pepe & Hazard LLP
225 Asylum Street
Goodwin Square
Hartford, CT  06103
e-mail: jbudinetz@pepehazard.com
Telephone:  860.241.2693
Facsimile:  860.522.2796

Attorneys for Defendants
    E*TRADE SECURITIES, INC.,
    E*TRADE GROUP, INC. (erroneously
    sued as E*TRADE, INC.), and
    STEPHEN TACHIERA

James A. Budinetz, Esquire
Ct. Fed. Bar No.: ct16068
Pepe & Hazard LLP
225 Asylum Street
Goodwin Square
Hartford, CT  06103
e-mail: jbudinetz@pepehazard.com
Telephone:  860.241.2693
Facsimile:  860.522.2796

Attorneys for Defendants
    E*TRADE SECURITIES, INC.,
    E*TRADE GROUP, INC. (erroneously
    sued as E*TRADE, INC.), and
    STEPHEN TACHIERA

Exhibit  C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUZANNE EGGLESTON and           :
FREDERICK A. LOVEJOY,           :
                                :
            Plaintiffs,         :        3:02CV188(JBA)
                                :
    -against-                   :
                                :
E-TRADE SECURITIES, INC.,       :
E-TRADE, INC. and STEPHEN TACHIERA,  :   November 15, 2004
                                :
            Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

V.    FURTHER PROCEEDINGS

    This Court found in its ruling dated November 10, 2004 (Docket No. 41), that a trial is

necessary to determine disputed issues of fact in order for it to rule if the Court should compel

arbitration or try the case itself.

    Additionally, discovery disputes concerning production of documents must be resolved.

VI.    NATURE OF CASE

    The issue to be determined by this Court is whether the plaintiffs are required to arbitrate

their dispute or whether their action can proceed in this Court. Plaintiff Frederick A. Lovejoy

opened an account with defendant E-Trade in December, 1998. The account was funded solely

with monies belonging to plaintiff Frederick A. Lovejoy. Thereafter, in December 2000, plaintiff

Frederick A. Lovejoy directed defendant E-Trade to sell and close his account.

    In January 2001, plaintiffs Suzanne Eggleston and Frederick A. Lovejoy sent the sum of

$200,000.00 to defendant E-Trade. Those funds were the joint property of both Suzanne

Eggleston and Frederick A. Lovejoy.

1

Thereafter, a dispute occurred concerning: 1) a trade involving EMC stock, and 2) whether plaintiffs' instructions to close their account were followed.

As such, this Court must determine: 1) if both plaintiffs Suzanne Eggleston and Frederick A. Lovejoy are governed by the "pre-dispute resolution" clause contained in the December 1998 application executed by plaintiff Frederick A. Lovejoy, and which he specifically directed defendant E-Trade to close, 2) if some other terms govern their relationship, and 3) if the terms of the 1998 application are found applicable, whether they are enforceable.

VII.    WITNESSES AND EXHIBITS

    A.    Witnesses

        Plaintiffs intend to call the following witnesses at trial:

        1.    Frederick A. Lovejoy – Frederick A. Lovejoy will testify as to the documents he received and signed in December 1998, his conversations with defendant E-Trade in 1998, his instructions to close his account in December 2000, his communications in January 2001 concerning the opening of a joint account for himself and his wife, Suzanne Eggleston, and his additional instructions and communications with defendant E-Trade.

        2.    Suzanne Eggleston – Suzanne Eggleston will testify as to her ownership of one-half of the $200,000.00 in funds; i.e., $100,000.00, that was sent to defendant E-Trade in January 2001, where those funds had been derived, and the purpose and limitations surrounding the placement of those funds with defendant E-Trade.

    B.    Exhibits

        1.    Plaintiffs' Exhibits

        A)    December 2000 correspondence from plaintiff Frederick A. Lovejoy to defendant E-Trade

B)    January 2001 correspondence from plaintiff Frederick A. Lovejoy to defendant E-Trade

C)    Address change request

D)    Confirmation and monthly statements

## VIII.    PLAINTIFFS' PROPOSED FINDINGS OF FACT

The Court finds that plaintiff Frederick A. Lovejoy closed an account he had opened in December 1998 in December 2000 ("the 1998 account").

The Court finds that the only funds ever contained in the 1998 account were those belonging solely to plaintiff Frederick A. Lovejoy.

That the Court finds that defendant E-Trade failed to provide its Customer Agreement to plaintiff Frederick A. Lovejoy on or about December 1998.

That the Court finds the use of the terms "predispute arbitration clause" as opposed to "subject to binding arbitration" to be ambiguous.

The Court finds that plaintiffs Suzanne Eggleston and Frederick A. Lovejoy sent the sum of $200,000.00 to defendant E-Trade in January 2001.

The Court finds that $100,000.00 of the $200,000.00 belonged to plaintiffs Suzanne Eggleston and Frederick A. Lovejoy, and the other $100,000.00 to plaintiff Frederick A. Lovejoy.

The Court finds that defendant E-Trade accepted the sum of $200,000.00 from plaintiffs and that it did not have the plaintiffs sign any contract/agreement relating to those jointly owned funds.

The Court finds that the sum of $200,000.00 came from the sale of plaintiffs' home on or about January 4, 2001.

The Court finds that defendant E-Trade unilaterally ignored the instructions of plaintiff Frederick A. Lovejoy to close the 1998 account.

The Court finds that defendant E-Trade ignored and/or failed to update the address provided to it on or about January 2001 for a period of approximately six months.

The Court finds that defendant E-Trade failed to send to plaintiffs any contractual information when they sent their joint monies to defendant E-Trade in January 2001.

IX.   PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW

The Courts have long held that the terms contained in a contract shall be afforded their plain meaning. Tallmadge Brothers, Inc. v. Iroquois Gas Transmission System, 252 Conn. 479 (2000).

Here, defendant E-Trade used the term ". . . GOVERNED BY A PRE-DISPUTE ARBITRATION . . ." rather than stating in the same amount of space ". . . SUBJECT TO BINDING ARBITRATION . . ."

Webster's Ninth New Collegiate Dictionary defines pre as follows:

Pre- *prefix* [ME, fr. OF & L: OF, fr. L *prae-*, fr. *Prae* in front of, before – more at FOR] **1 a** (1) : earlier than : prior to : before (*Pre*cambrian) (*pre*historic) (*pre*-English) (2) : preparatory or prerequisite to (*pre*medical) (*pre*journalism) **b** : in advance : beforehand (*pre*cancel) (*pre*pay) **2 a** : in front of : anterior to (*pre*axial) (*pre*molar) **b** : front : anterior (*pre*abdomen)

Thereafter, Webster's provides 195 examples of words using the prefix "pre"; i.e.,

| | | |
|---|---|---|
| pre-ad-mis-sion | pre-for-mu-late | pre-punch |
| pre-adult | pre-fresh-man | pre-pu-pal |
| pre-ag-ri-cul-tur-al | pre-game | pre-pur-chase |
| pre-an-es-thet-ic | pre-gen-i-tal | pre-qual-i-fi-ca-tion |
| pre-an-nounce | pre-har-vest | pre-qual-i-fy |
| pre-ar-range | pre-head-ache | pre-race |
| pre-ar-range-ment | pre-hir-ing | pre-re-ces-sion |
| pre-as-sign | pre-His-pan-ic | pre-re-hears-al |
| pre-au-dit | pre-hol-i-day | pre-re-lease |
| pre-bat-tle | pre-hu-man | pre-re-quire |

4

pre-boom
pre-civ-i-li-za-tion
pre-clear
pre-clear-ance
pre-code
pre-co-ital
pre-col-lege
pre-co-lo-nial
pre-com-bus-tion
pre-com-mit-ment
pre-com-pute
pre-con-so-nan-tal
pre-con-so-nan-tal-ly
pre-con-struct
pre-con-ven-tion
pre-con-vic-tion
pre-cool
pre-cop-u-la-to-ry
pre-coup
pre-crash
pre-crease
pre-cut
pre-dawn
pre-de-fine
pre-de-liv-ery
pre-dem-o-crat-ic
pre-de-par-ture
pre-des-ig-nate
pre-des-ig-na-tion
pre-de-val-u-a-tion
pre-de-vel-op-ment
pre-din-ner
pre-dis-charge
pre-dis-cov-ery
pre-dive
pre-drill
pre-dy-nas-tic
pre-ed-it
pre-elec-tion
pre-elec-tric
pre-em-bar-go
pre-em-ploy-ment
pre-en-roll-ment
pre-erect
pre-es-tab-lish
pre-eth-i-cal

pre-in-au-gu-ral
pre-in-cor-po-ra-tion
pre-in-dac-tion
pre-in-dus-tri-al
pre-in-ter-view
pre-in-va-sion
pre-launch
pre-life
pre-lit-er-ary
pre-log-i-cal
pre-lunch
pre-lun-cheon
pre-man-u-fac-ture
pre-mar-ket
pre-mar-ket-ing
pre-mar-riage
pre-meal
pre-mea-sure
pre-med-i-cate
pre-me-di-eval
pre-meet
pre-meno-paus-al
pre-merg-er
pre-meta-mor-phic
pre-mi-gra-tion
pre-mi-gra-to-ry
pre-mix
pre-mod-ern
pre-mod-i-fi-ca-tion
pre-mod-i-fy
pre-moist-en
pre-mold
pre-molt
pre-mor-al
pre-my-cot-ic
pre-noon
pre-no-ti-fi-ca-tion
pre-no-ti-fy
pre-num-ber
pre-open-ing
pre-op-er-a-tion-al
pre-or-der
pre-paste
pre-pill
pre-plan
pre-por-tion

pre-re-tire-ment
pre-re-turn
pre-re-view
pre-re-vi-sion-ist
pre-rev-o-lu-tion
pre-rev-o-lu-tion-ary
pre-rinse
pre-ri-ot
pre-rock
pre-ro-man-tic
pre-sale
pre-sched-ule
pre-screen
pre-sea-son
pre-sen-tence
pre-sen-tenc-ing
pre-ser-vice
pre-show
pre-slaugh-ter
pre-sleep
pre-slice
pre-song
pre-sort
pre-spec-i-fy
pre-split
pre-stamp
pre-ster-il-ize
pre-stor-age
pre-strike
pre-struc-ture
pre-sum-mit
pre-sweet-en
pre-tape
pre-tech-no-log-i-cal
pre-tele-vi-sion
pre-ter-mi-na-tion
pre-the-ater
pre-tour-na-ment
pre-train
pre-trav-el
pre-treat
pre-treat-ment
pre-trial
pre-trim
pre-type
pre-uni-fi-ca-tion

5

| | | |
|---|---|---|
| pre-ex-per-i-ment | pre-pres-i-den-tial | pre-uni-ver-si-ty |
| pre-fade | pre-price | pre-vi-a-ble |
| pre-fas-cist | pre-pri-ma-ry | pre-war |
| pre-fight | pre-prim-er | pre-wash |
| pre-file | pre-pro-duc-tion | pre-wean-ing |
| pre-fi-nance | pre-pro-gram | pre-whal-ing |
| pre-fire | pre-psy-che-del-ic | pre-work |
| pre-flame | pre-pub-li-ca-tion | pre-wrap |
| pre-for-mat | | |

As can readily be seen from the numerous examples listed in Webster's, "pre" clearly indicates and/or means to come before. As such, the simple reading of "pre-dispute arbitration" should mean an arbitration proceeding that would come before any actual dispute that might be commenced between the parties. If the terms of an arbitration agreement are ambiguous, they are not to be enforced. See <u>Hartford Elec. Applicators of Thermalux, Inc. v. Alden</u>, 169 Conn. 177, 182 (1975). A provision of a contract is ambiguous if it is susceptible to more than one reading. <u>Metropolitan Life Insurance Co. v. Aetna Casualty and Surety Company</u>, 255 Conn. 295, 305 (2001)

The term "pre-dispute arbitration agreement" does not in and of itself indicate that a party is agreeing to binding arbitration. <u>Kingston v. Ameritrade, Inc.</u>, 302 Mont. 90, 97 (2000)

The use of hyperlinks that may connect a party to a relevant document does not bind a party if the link is not sufficiently clear or there are difficulties in obtaining the information to be relied on. <u>Specht v. Netscape Communications Corp.</u>, 306 F.3d 17 (2d Cir. 2002)

X.    <u>OBJECTIONS</u>

A.    <u>Plaintiffs' Objections to Defendants' Legal Claims</u>

Plaintiffs object to defendants in that defendants attempt to re-argue its previous motion which was ruled on and denied by Judge Eginton in his Order dated November 10, 2003

6

(Docket No. 41). Plaintiffs further incorporate herein their Proposed Findings of Fact and Conclusions of Law as part of their objection to defendants' legal claims.

Dated: Easton, Connecticut
      November 15, 2004

LOVEJOY & ASSOCIATES
Attorneys for Plaintiffs,
Suzanne Eggleston and Frederick A. Lovejoy

By: _Frederick A. Lovejoy_

Frederick A. Lovejoy (CT 03121)
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

RussoDocument.doc

7

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent by e-mail on November 13, 2004 and by U.S. mail on November 15, 2004, postage prepaid, to:


James A. Budinetz, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103


FREDERICK A. LOVEJOY

8

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent by U.S. mail on

December 6, 2004, postage prepaid, to:


James A. Budinetz, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103



_____
FREDERICK A. LOVEJOY

5