## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SUZANNE M. EGGLESTON and FREDERICK LOVEJOY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:02CV188 (JBA) |
| E*TRADE SECURITIES, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | DECEMBER 23, 2004 |

### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
### OF THEIR MOTION FOR SANCTIONS

Plaintiffs' Objection to a "portion" of Defendants' Motion for Sanctions dated

November 15, 2004 is replete with outright misrepresentations.  Not surprisingly, Plaintiffs'

assertions are unsupported by any verifiable evidence—such as facsimile confirmations or

records of e-mails allegedly sent—which clearly should exist if the assertions made by

Plaintiffs were true.  The written record set forth in Defendants' Motion speaks for itself.

Notwithstanding this, the E*TRADE Defendants (collectively "E*TRADE") are compelled to

address Plaintiffs more dubious misstatements below.

      1.       Contrary to Plaintiffs' representation on page 2, paragraph 3, at *no time* did

E*TRADE ever represent that it would provide a draft of the Joint Trial Memorandum to

opposing counsel "around the first of November 2004." Affidavit of James A. Budinetz, ¶¶ 5-6 ("Budinetz Aff.") (attached hereto as **Exhibit A**). As the written record makes clear, in an email dated November 4, 2004, E*TRADE suggested that the parties exchange sections of the Joint Trial Memorandum on November 10, 2004. *See* Defendants' Motion for Sanctions dated November 15, 2004 ("Def. Mot.") at Exh. A. Plaintiffs did not respond to that email, nor did Plaintiffs respond to E*TRADE's follow-up telephone message.

2.      Plaintiffs' counsel's claim on page 2, paragraph 5, that he advised the undersigned that he had "various conflicting commitments on November 10, 11 and 12, 2004," and requested that a copy of the Memorandum be provided earlier than November 10, 2004, is also false. Budinetz Aff. at ¶ 7. Tellingly, there is no written evidence of any such representation or request, despite the numerous emails and letters that the undersigned sent to Attorney Lovejoy seeking to exchange sections of the Joint Trial Memorandum. *See* E*TRADE's Motion Exhs. A-E. It defies credulity to believe that Plaintiffs' counsel would not have raised this point in response to the e-mails and facsimiles that he received concerning the Joint Trial Memorandum. *See* E*TRADE Motion Exhs. A-F. Had Attorney Lovejoy requested that E*TRADE's sections be provided earlier, the undersigned would have accommodated that request as a courtesy commonly extended among counsel. Budinetz Aff.

at ¶ 11.  Moreover, even if this had occurred (which it did not), it would not have affected Plaintiffs' ability to prepare its portions of the Memorandum.

    3.     At page 2, paragraphs 6 and 7, Plaintiffs misleadingly suggest that E*TRADE sent a draft Memorandum that was "lacking in substance" on November 10, 2004.  In fact, on November 9, 2004, Attorney Lovejoy telephoned a paralegal in the undersigned's office and requested a copy of the Court's Joint Trial Memorandum Instructions.  The undersigned returned the call and finally reached Attorney Lovejoy.  As requested, the undersigned emailed the Court's Joint Trial Memorandum Instructions to Attorney Lovejoy. *See* Budinetz Aff. at ¶ 6 (Exh. 1).  Later, Plaintiff Lovejoy requested that the undersigned provide the form of the Joint Trial Memorandum electronically so that he could begin to insert his sections.  The undersigned immediately emailed the format of the document to Attorney Lovejoy. *See* Def. Mot. at Exh. B; Budinetz Aff. at ¶ 6.  It is the November 9, 2004 version of the Pretrial Memorandum—not the November 10 version—that Plaintiffs have attached to their objection at Exhibit B (as evidenced by the date stamp in the lower left corner of the document).

    4.     Plaintiffs' claim on page 2, paragraph 6 that he telefaxed corrections to the draft Memorandum on November 10, 2004 (or at anytime) to the undersigned is also unfounded.  The undersigned never received the document attached to Plaintiffs' Objection as

Exhibit B, and the incoming facsimile log maintained by Pepe & Hazard does not reflect that the facsimile was received. Budinetz Aff. at ¶ 8. Not surprisingly, the facsimile confirmation sheet is glaringly absent from Plaintiffs' Objection.

5.    As promised, the undersigned provided a version of the Joint Trial Memorandum on November 10, 2004 that contained virtually all of E*TRADE's sections, including its proposed findings of fact and conclusions of law—*five full days* before the Memorandum was due. *See* Def. Mot. Exh. C; Budinetz Aff. at ¶ 9.

6.    On page 3, paragraph 11, Plaintiffs' counsel asserts that he emailed the undersigned Plaintiffs' sections of the Memorandum on Saturday, November 13, 2004. This too is false. The undersigned received no such email and—once again—Attorney Lovejoy has not provided any confirming email record to support this spurious claim. Budinetz Aff. at ¶ 10; *see also* Def. Mot., Exhs. E, F.

7.    The undersigned would have been more than willing to accommodate Attorney Lovejoy's schedule, and would have extended every courtesy in this regard had Attorney Lovejoy made such a request. But this did not occur. Instead, Plaintiffs' counsel simply stopped communicating with E*TRADE's counsel, failed to provide Plaintiffs' sections of the Memorandum prior to the date the Memorandum was due, and never once expressed any regret for the inconvenience that he caused.

The documentary evidence—and indeed the *lack* of it—speaks volumes. E*TRADE

respectfully requests that the Court grant the relief requested by E*TRADE in its Motion.


Dated:  December 23, 2004                    Respectfully submitted,


                                             E*TRADE Securities, Inc., E*TRADE Group,
                                             Inc. (erroneously sued as E*TRADE, Inc.), and
                                             Stephen Tachiera


By
                                             James A. Budinetz, Esquire
                                             Ct. Fed. Bar No.: ct16068
                                             Pepe & Hazard LLP
                                             225 Asylum Street
                                             Goodwin Square
                                             Hartford, CT  06103
                                             e-mail: jbudinetz@pepehazard.com
                                             Telephone:  860.241.2693
                                             Facsimile:  860.522.2796

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 23rd day of December 2004, sent the foregoing via first class mail, postage prepaid, to:

> Frederick A. Lovejoy, Esq.
> P.O. Box 56
> Easton, CT  06612

James A. Budinetz

**EXHIBIT A**

JAB/32581/2/707348v1
12/23/04-HRT/

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SUZANNE M. EGGLESTON and<br>FREDERICK LOVEJOY, | ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil Action No. 3:02CV188 (JBA)** |
| v. | ) ) | |
| E*TRADE SECURITIES, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | **DECEMBER 23, 2004** |

### DECLARATION OF JAMES A. BUDINETZ

1.      My name is James A. Budinetz.  I am over the age of 18, and make this Declaration based upon my personal knowledge and pursuant to 28 U.S.C. § 1746.

2.      I am a partner in the law firm of Pepe & Hazard LLP.  My office is located in Hartford, Connecticut.

3.      I represent the Defendants (collectively, "E*TRADE")  in the above-captioned action, and provide this Declaration in support of Defendants' Motion for Leave to File Trial Memorandum and for Sanctions Against Plaintiffs dated November 15, 2004.

4.      I have reviewed Plaintiffs' "Objection to that Portion of Defendants' November 15th Motion for Sanctions" dated December 6, 2004.

5.      Contrary to Plaintiffs' representations on page 2, paragraph 3, at no time did I ever represent that E*TRADE would provide a draft of the Joint Trial Memorandum "around the first of November 2004."  The first time either side proposed a date to exchange sections

of the Joint Trial Memorandum was in a November 4, 2004 email that I sent to Attorney

Lovejoy. *See* Defendants' Motion Exh. A. Despite that email and a follow-up telephone

message to Attorney Lovejoy, I received no response to this proposal.

6.    On November 9, 2004, Attorney Lovejoy telephoned Cathy Hanrahan, a

paralegal employed by Pepe & Hazard. Ms. Hanrahan informed me that Attorney Lovejoy

had requested that she send him a copy of the Court's Joint Trial Memorandum Instructions. I

called Attorney Lovejoy back, and provided the Court's Joint Trial Memorandum Instructions

by email. A copy of that email is attached hereto as **Exhibit 1**. Attorney Lovejoy later

requested that I provide him with the electronic format of the Joint Trial Memorandum so that

he could insert Plaintiffs' portions of the memorandum. I did so by email on November 9,

2004. *See* Defendants' Motion, Exh. B.

7.    Plaintiffs' counsel's claim on page 2, paragraph 5 of Plaintiffs' Objection that he

advised the undersigned that he had conflicting commitments on November 10, 11, and 12

2004, and requested that a copy of the Joint Trial Memorandum be provided earlier than

November 10, 2004, is false. The first time that Attorney Lovejoy asserted that he had been

unavailable to respond to my telephone messages and emails was during a telephone call on

Friday, November 12, 2004. During that telephone conversation, for the first time, Attorney

Lovejoy advised that he had been in Rhode Island for depositions in another matter.

Moreover, at no time during our telephone conversation on November 9, 2004 did Attorney

Lovejoy advise that he would be unavailable over the next few days.

8.    Plaintiffs append a document to their Objection as Exhibit B that purports to be

Attorney Lovejoy's revisions to the Joint Trial Memorandum provided by me on November 9,

2

2004. Attorney Lovejoy claims that he faxed these corrections to me on November 10, 2004. I never received this facsimile, and had never seen it prior to the filing of Plaintiffs' objection. The incoming facsimile log maintained by Pepe & Hazard does not reveal that such a fax was received. Moreover, the Joint Trial Memorandum that I provided on November 9, 2004 was intended to demonstrate the form that I proposed that we use in connection with the Joint Trial Memorandum.

9.      As promised, I provided a lengthy version of the Joint Trial Memorandum on November 10, 2004 that included virtually all of E*TRADE's sections by email to Attorney Lovejoy. This included E*TRADE's Proposed Findings of Fact and Conclusions of Law. *See* E*TRADE Motion, Exh. C.

10.      On page 3, paragraph 11, Attorney Lovejoy asserts that he emailed me Plaintiffs' sections of the Joint Trial Memorandum on Saturday, November 13, 2004. I received no such email.

11.      I would have been more than willing to accommodate Attorney Lovejoy's schedule and to work with Attorney Lovejoy on all relevant dates if Attorney Lovejoy had made such a request. In fact, the undersigned made arrangements to address Plaintiffs' Claims of Law over the weekend prior to the due date to provide Attorney Lovejoy with as much time as possible to prepare those sections.

3

I declare under penalty of perjury that this Declaration is true and correct to the best of my knowledge and belief.

James A. Budinetz

JAB/32581/2/707348v1
12/23/04-HRT/

**EXHIBIT 1**

JAB/32581/2/707348v1
12/23/04-HRT/

**Budinetz, Jim**

---

**From:**      Budinetz, Jim
**Sent:**       Tuesday, November 09, 2004 4:20 PM
**To:**         'lovejoyadm@aol.com'


Fred:  As you requested, here is the outline of the Joint Trial Memorandum.  If you have any suggestions or comments, please let me know.  I'd especially appreciate your thoughts on the stipulated facts/agreed contested issues sections.  Thanks --



JOINT TRIAL
MORANDUM.DOC (6

Jim Budinetz
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103-4302
860.241.2693 (p)
860.522.2796 (f)
jbudinetz@pepehazard.com

**************************************************

THE INFORMATION CONTAINED IN THIS ELECTRONIC MESSAGE AND ANY ATTACHED DOCUMENT(S) IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.  THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (860) 522-5175 OR BY ELECTRONIC MAIL (postmaster@pepehazard.com) IMMEDIATELY.  THANK YOU.