UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Suzanne M. Eggleston and        :
Frederick Lovejoy               :
                                :
v.                              :        No. 3:02cv188 (JBA)
                                :
E*TRADE Securities, Inc.,       :
et al.                          :

**Ruling on Motion For Leave to File Trial Memorandum and for
Sanctions Against Plaintiffs [Doc. # 90]**

Defendant E*TRADE Securities, Inc. has moved for sanctions arising out of plaintiffs' failure to cooperate in preparing the Joint Trial Memorandum, which was due on November 15, 2004, and for leave to file defendants' trial memorandum. For the reasons discussed below, the motion for sanctions is denied, and the motion for leave to file is granted.

On October 7, 2004, E*TRADE requested a 30-day extension of time to file the Joint Trial Memorandum, extending the deadline from October 15, 2004 to November 15, 2004. Plaintiffs consented to this motion. Plaintiffs assert, and defendant's counsel disputes, that defendant's counsel agreed to provide an initial draft around the first of November, 2004.

Beginning on November 4, 2004, defendants' counsel, James Budinetz, attempted to contact Frederick Lovejoy, as plaintiff representing himself and co-plaintiff's counsel, to agree on a date for exchange of the parties' respective sections of the

Joint Trial Memorandum, suggesting November 10, 2004.  Lovejoy

acknowledges that he received this e-mail.  The November 4 e-mail

states:

> Fred:  I'll be turning my attention to the joint trial
> memorandum tomorrow and working on it over the weekend as
> well.  I'll try to have the defendant-specific sections to
> you mid-week, and would ask that you draft those sections
> that are plaintiff-specific so that we can exchange it then,
> and put the brief together fully next Friday for filing next
> Monday (Nov. 15).  I'll also draft up the joint sections for
> your review, as well.  Does that work for you?  Thanks, Jim
> Budinetz.

November 4, 2004 e-mail [Doc. # 90, Ex. A].

While Lovejoy asserts that in response to the e-mail, he

telephoned Budinetz and left a message reminding him of his

conflicting commitments on November 10-12, 2004, and requested

that the document be provided earlier in the week, Budinetz has

submitted a declaration affirming that he received no response to

the November 4, 2004 e-mail.  See Declaration of James A.

Budinetz [Doc. # 93, Ex. A] at ¶ 5.

Budinetz then left a telephone message with Lovejoy early in

the week of November 8, 2004, and states that he again received

no response.  On November 9, 2004, Lovejoy contacted Budinetz's

office and requested a copy of the Court's form for a Joint Trial

Memorandum.  Budinetz spoke with Lovejoy and again requested that

the parties exchange their relevant sections on November 10,

2004.  At Lovejoy's request, Budinetz also provided the latest

version of E*TRADE's sections of the Joint Trial Memorandum, and

requested Lovejoy's comments on the stipulations in the memo.

Lovejoy did not respond to this request.

On November 10, 2004, Budinetz again called Lovejoy, received no response, and thereafter sent him an email containing E*TRADE's sections of the joint trial memo and requesting plaintiffs' proposed conclusions of law so that E*TRADE could file the required objections.  See November 10, 200 e-mail [Doc. # 90, Ex. C].  Again, Budinetz asserts, Lovejoy did not respond.[1] While Lovejoy acknowledges that he received defendants' draft on the morning of November 10, 2004, he states that it contained little or no real substance.  According to Budinetz, however, the version of the joint trial memorandum to which Lovejoy refers is simply the outline of the joint trial memorandum that was e-mailed to Lovejoy on the afternoon of November 9, 2004, not the November 10 version.[2]  See November 9 e-mail [Doc. # 90, Ex. B].

On November 11, 2004, Budinetz wrote to Lovejoy, again requesting plaintiffs' sections of the Joint Trial Memorandum, and also requesting plaintiffs' discovery responses. See Letter

---

[1]Lovejoy states that he faxed corrections to the draft form he received, and attaches the corrected document to his opposition.  See [Doc. # 92, Ex. B].  He has not included a fax transmittal log.  Budinetz's affidavit states that he never received the corrections, and that the incoming facsimile log maintained by Pepe & Hazard does not reflect that the fax was received.  See Budinetz Aff. [Doc. # 93, Ex. A] at ¶ 8.

[2]Because the November 9, 2004 e-mail indicates it was sent at 4:20 pm, it is possible that Lovejoy did not open this e-mail until the following morning.  The November 10, 2004 e-mail attaching the 37-page draft, indicates that it was sent at 7:47 PM.  See [Doc. # 90, Ex. C].

dated November 11, 2004 [Doc. # 90, Ex. D] ("I have not heard
from you with respect to the Joint Trial Memorandum.  Because we
must file objections to one another's proposed legal conclusions
by Monday, I must ask that you send me that portion of the
Memorandum immediately.").  Lovejoy states that upon his return
from Rhode Island to his office on November 12, 2004, he received
defendant's 37 page draft of the joint trial memorandum.  Lovejoy
contacted Budinetz and explained that he had been in Rhode Island
on another matter and was unable to immediately provide
plaintiffs' proposed conclusions of law.  Lovejoy states that
during this phone call he informed Budinetz that he was having
difficulties formatting a section.  Budinetz then requested that
Lovejoy provide this section by midday on Saturday, November 13,
2004, and informed Lovejoy that he had made arrangements for his
support staff to be in the office over the weekend to complete
the Joint Trial Memo and prepare objections to plaintiffs'
proposed legal conclusions.  Lovejoy informed Budinetz that he
intended to use four cases in his proposed conclusions of law,
and provided Budinetz with the names of the cases.  Lovejoy
states that Budinetz agreed to work on the joint trial memorandum
on Monday, November 15, 2004.

Lovejoy states that he e-mailed plaintiffs' submission to
Budinetz at 8:20 on Saturday morning, November 13, 2004.  He has
attached a copy of the document itself, but not the e-mail
record.  An e-mail from Budinetz to Lovejoy sent at 12:03 PM on

November 13, 2004 states:

> Fred: As I told you last night when I asked for Plaintiffs'
> proposed legal conclusions, I have made arrangements to
> draft objections today (Saturday), but I must have the legal
> conclusions this morning.  I have been very accommodating
> thus far, but it is now noon, and the Joint Trial Memorandum
> is due on Monday, and I still do not have your legal
> conclusions.  Please provide them immediately.

November 13, 2004 e-mail [Doc. # 90, Ex. E].

When Budinetz received nothing from Lovejoy by 3:00 PM on
Sunday, November 14, 2004, he faxed and e-mailed a letter to
Lovejoy advising him that E*TRADE would be submitting its own
trial memorandum.  Although Lovejoy e-mailed plaintiffs' sections
of the trial memorandum at 9:30 AM on November 15, 2004, and
offered to work on the joint trial memorandum for the entirety of
that Monday, E*TRADE informed plaintiffs that it would file its
own trial memorandum, because the deadline for filing the joint
trial memorandum was so near.  Defendants' Pre-Trial Memorandum
was timely filed on November 15, 2004, see [Doc. # 89], along
with the instant motion seeking sanctions in the amount of $500
to compensate defendants for the cost of secretarial overtime
over the weekend.  To date, the plaintiffs' portion of the trial
memorandum has not been filed.

In view of these facts, the Court recognizes defense
counsel's justifiable pique and frustration with plaintiff's
dismissive approach to compliance with the Court's scheduling
order, and with plaintiff's representations about the timeline of
events in his opposition memorandum, which have been strongly

disputed by defense counsel in an affidavit and with e-mail
records.  Nonetheless, even had plaintiff's counsel provided the
agreed-upon sections on Saturday, November 13th, counsel and
support staff would have been present over the weekend.
Moreover, had this case gone to trial,[3] the absence of
plaintiff's view of the relevant facts and proposed conclusions
of law would have itself been a sanction on plaintiff's conduct.

Finally, defendants have not identified the applicable rule
governing sanctions in these circumstances, and the Court is
unable to ascertain the legal basis for the sanctions sought.
Fed. R. Civ. P. 83(b) provides that "[n]o sanction or other
disadvantage may be imposed for noncompliance with any
requirement not in federal law, federal rules, or the local
district rules unless the alleged violator has been furnished in
the particular case with actual notice of the requirement."  See
also Sakon v. Andreo, 119 F.3d 109, 113 (2d Cir. 1997) ("[I]t is
imperative that the court explain its sanctions order with care,
specificity, and attention to the sources of its power . . . .
[S]uch an award either without reference to any statute, rule,
decision, or other authority, or with reference only to a source
that is inapplicable will rarely be upheld") (citations and
internal quotation marks omitted).  In the absence of an
identified source  for the sanctions defendant seeks, the motion

---

[3]Subsequent to the filing of this motion, plaintiffs agreed
to submit to arbitration.

must be denied.

Accordingly, defendants' motion for sanctions [Doc. # 90-2] is DENIED.  Defendants' motion for leave to file trial memorandum [Doc. # 90-1] is GRANTED nunc pro tunc.


IT IS SO ORDERED.

/s/

_____

Janet Bond Arterton, U.S.D.J.


**Dated at New Haven, Connecticut, this 30th day of March, 2005.**